UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAI BROWN,

      Plaintiff,

v.                           Case No. 5:18-cv-232-MCR/MJF

JULIE JONES and ISAAC HOLMES,

      Defendants.
                                            /

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the order to show cause issued by the undersigned on May 30, 2019 (ECF No. 15). For the following reasons, the undersigned recommends that this action be dismissed without prejudice for failure to comply with three court orders and failure to prosecute.

**I.   Background**

Plaintiff, a former inmate of the Apalachee Correctional Institution, proceeding *pro se* and *in forma pauperis* commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). On October 5, 2018, the undersigned issued an order directing Plaintiff to file his complaint on the form approved for use in the Northern District of Florida. (ECF No. 4). On November 13, 2018, Plaintiff submitted his first amended complaint. (ECF No. 5). On December

18, 2018, after screening Plaintiff's complaint, the undersigned issued an order directing Plaintiff to amend his complaint. On January 31, 2019, Plaintiff filed his second amended complaint. (ECF No. 10).

On March 18, 2019, the undersigned reviewed the second amended complaint and identified several deficiencies. Among other things, this court noted that Plaintiff failed to state a claim against Defendant Julie Jones and he failed to state a claim for breach of contract against Defendant Isaac Holmes. (ECF No. 11). The undersigned provided Plaintiff an opportunity to clarify his allegations and imposed a thirty-day deadline to comply with the order.

On April 22, 2019, Plaintiff filed a motion to extend time to amend his complaint. (ECF No. 13). On April 23, 2019, the undersigned granted the motion to extend time and gave Plaintiff an additional thirty days to amend his complaint. (ECF No. 14). The undersigned warned the Plaintiff that the failure to amend his complaint likely would result in dismissal of this action for failure to comply with court orders. (ECF Nos. 11, 14).

On May 30, 2019, after the court-imposed deadline had passed and Plaintiff had failed to comply with the undersigned's order, the undersigned issued a show cause order directing Plaintiff to explain why he had failed to comply with the orders directing him to file a third amended complaint. (ECF No. 15). The undersigned

gave Plaintiff thirty days to respond. (ECF No. 15). Plaintiff neither amended his second amended complaint nor responded to the undersigned's order to show cause.

To ensure Plaintiff had an opportunity to be heard, on July 10, 2019, the undersigned ordered Plaintiff to state whether he was still interested in prosecuting this action. (ECF No. 16). The undersigned imposed a compliance deadline of July 31, 2019. Plaintiff has neither responded to that order nor shown cause for his failure to amend his complaint and respond.

## II. Discussion

The undersigned recommends that this court dismiss Plaintiff's complaint because Plaintiff has failed to comply with three court orders and has failed to diligently prosecute this action.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken."). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*,

556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)     The duration of the Plaintiff's failure to comply.** On March 18, 2019, the undersigned issued an order directing Plaintiff to file an amended complaint to cure deficiencies. (ECF No. 11). Upon motion by Plaintiff, the undersigned extended Plaintiff's deadline to May 23, 2019. (ECF No. 14). Plaintiff failed to comply with that order. Thus, Plaintiff has failed to comply with a court order since about May 23, 2019.

**(2)     The Plaintiff's failure to comply with three court orders.** The Plaintiff has failed to comply with the following orders:

      a.      the order of March 18, 2019;

      b.      the order of May 30, 2019; and

      c.      the order of July 10, 2019.

**(3)** **Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned specifically warned Plaintiff that failure to comply with the respective orders likely would result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff did not respond to the orders discussed above.

**(4)** **The Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, the Plaintiff may elect to refile his claim should he choose to pursue it in the future.

**(5)** **The proper balance between alleviating court calendar congestion and protecting the Plaintiff's right to due process and a fair chance to be heard.**

The Plaintiff has been afforded notice and an opportunity to be heard. He has elected not to prosecute this action and not to comply with multiple court orders. The court's need to dispose of cases that are not being prosecuted outweighs other interests.

**(6) The public policy favoring disposition of cases on their merits.**

Plaintiff has not made any effort to comply with the undersigned's orders. The relevant orders were designed to facilitate the disposition of this case on its merits. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as this court's need to keep cases moving toward a final disposition.

**(7)   The fact that any lesser sanction would be inefficacious.** The fact that Plaintiff ignored multiple orders issued by the undersigned suggests that any additional orders would also be ignored by Plaintiff. Furthermore, because Plaintiff is proceeding *in forma pauperis*, he likely lacks sufficient funds to pay a fine. Accordingly, dismissal without prejudice is the appropriate sanction and any lesser sanction likely would be inefficacious.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.   This action be **DISMISSED** without prejudice for failure to comply with three court orders and failure to prosecute.

2.   The clerk of the court be directed to close the case file.

At Panama City Beach, Florida this 19th day of August, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.